USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,           :

           -against-                :      06 Cr. 911 (WHP)

ALTON DAVIS, ET AL.,                :      ORDER

                      Defendants.   :
------------------------------------------------------------X
```

WILLIAM H. PAULEY III, United States District Judge:

        The Government subpoenaed documents from defendant Roderick Gunn's ("Gunn") former counsel to demonstrate that Gunn waived his right to his counsel's presence at proffer sessions with the Government. Gunn's current counsel has provided documents responsive to the Government's subpoena, but asserts attorney-client privilege. Gunn also objects to any in camera review of those documents by the Court.

        Federal Rule of Evidence 104(a) provides that preliminary questions concerning admissibility are matters for the Court and "the Rule does not provide by its terms that all materials as to which a claim of privilege is made must be excluded from consideration." United States v. Zolin, 491 U.S. 554, 566 (1989). For example, "[b]efore engaging in in camera review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person, that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Zolin, 491 U.S. 554 at 572.

        Here, the Government does not assert a crime-fraud exception, but rather contends that Gunn and his counsel waived Gunn's right to his counsel's presence at proffer sessions. The Government further contends that it would be unfair to allow Gunn to withhold

communications with his former counsel if they support the Government's argument. "[C]ooperating witnesses are entitled to have counsel present at debriefings, unless they explicitly waive such assistance." United States v. Ming He, 94 F.3d 782, 793 (2d Cir. 1996). Applying Zolin, this Court holds that the Government has established a reasonably good faith belief that the material over which Gunn asserts an attorney-client privilege may reveal evidence indicating that he waived his counsel's presence at the proffers. Accordingly, this Court conducted an in camera review of the documents.

To insure fairness to an adversary, a party's factual assertion may result in the waiver of a privilege for matters pertinent to the claim. See United States v. Bilzerian, 926 F.2d 1285 (2d Cir.1991). A party may not use a privilege as both a "a shield and a sword." Blizerian, 926 F.2d at 1292.

After an in camera review, this Court holds that the following excerpts of Gunn's former counsel's notes are responsive to the Government's subpoena and should be produced:

1. Booth's "8/smthg" 2004 notes
2. Booth's "9/2" 2004 notes
3. Booth's "4/7" 2004 notes
4. Booth's "4/14" 2004 notes
5. Booth's "10/25" 2004 notes
6. Booth's "10/26" 2004 notes
7. Booth's "11/30" 2004 notes

Gunn's assertion of attorney-client or attorney work product privileges is deemed to be waived over these limited entries because Gunn maintains that he did not waive his right to counsel at debriefing sessions. These limited entries bear on this issue. The Court directs that

redacted pages of those notes be produced to the Government. The Court is furnishing redacted copies of those notes to counsel for the parties.

Dated: New York, New York
December 16, 2009

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

John Jay O'Donnell, Jr
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the Government*


Richard Palma, Esq.
Richard Palma Attorney At Law
381 Park Avenue South, Suite 701
New York, NY 10016
*Counsel for defendant Roderick Gunn*