```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,                :

        -against-                        :          06 Cr. 911 (WHP)

ALTON DAVIS, et al.,                     :          ORDER

                        Defendants.      :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2010

WILLIAM H. PAULEY III, United States District Judge:

By later dated April 15, 2010, Defendant Roderick Gunn ("Gunn") seeks clarification of this Court's reservation of decision on his double jeopardy challenge. On April 1, 2010, Gunn renewed his motion to dismiss the Hobbs Act robbery and narcotics conspiracies charged in the Indictment on double jeopardy grounds. This is the fifth time a federal court has been called upon to consider this claim.

Gunn's first pre-trial motion to dismiss Counts One and Eight of the Indictment on double jeopardy grounds was rejected by District Judge Leonard B. Sand on March 11, 2009. See United States v. Davis, No. 06 Crim. 911, 2009 WL 637164, at *9 (S.D.N.Y. Mar. 11, 2009). On April 21, 2009, Judge Sand denied Gunn's motion for reconsideration, stating "Gunn's reconsideration motion on the double jeopardy defense raises no legal or factual matters that the Court overlooked." Davis, 2009 WL 1098477, at *1 (S.D.N.Y. Apr. 21, 2009).

On February 17, 2010, the Court of Appeals affirmed Judge Sand's decisions. See United States v. Gunn, No. 09 Crim. 1461, 2010 WL 537730, at *3 (2d Cir. Feb. 17, 2010). In its opinion, the Court of Appeals found that "the record revealed two factually distinct, independent robbery conspiracies, carried out at different times, by different means, under

1

different leadership." Gunn, 2010 WL 537730, at *3. The Court of Appeals further found that because Gunn chose to plead guilty to a conspiracy of "limited scope," "Gunn cannot expand the scope of his guilty plea now, after the fact, either by reference to the broader conspiracy alleged in United States v. Robles, No. 04 Cr. 1036," or by reference "to the theoretical possibility that the two conspiracies at issue might have been pleaded as an overarching whole." Gunn, 2010 WL 537730, at *2. The Court of Appeals affirmed Judge Sand's decision not to hold an evidentiary hearing on these issues. See Gunn, 2010 WL 537730, at *3. The Court of Appeals noted that Gunn could renew his double jeopardy challenge "should the facts or evidence adduced at trial so warrant." Gunn, 2010 WL 537730, at *3 (emphasis added).

On April 14, 2010, at a final pre-trial conference on the record, this Court stated that it would reserve ruling on Gunn's renewed challenge in accord with the Court of Appeals' opinion. Characterizing that reservation as "somewhat ambiguous," Gunn insists on a decision from this Court prior to trial. (Docket No. 173.)

There is nothing confusing about this Court's choice to reserve decision. It follows both the Court of Appeals' opinion and Fed. R. Crim. P. 12(d). In denying Gunn's first appeal, the Court of Appeals cited to United States v. Mallah, 503 F.2d 971 (2d Cir. 1974), which alerted the Government that "prosecutors should be prepared to demonstrate from the proof at the two trials that the criminal agreements are indeed separate and distinct." 503 F.2d at 987; see also United States v. Coldwell, 898 F.2d 1005, 1008 (5th Cir. 1990) (holding that district court's reservation on double jeopardy pre-trial motion was not a collateral order for purpose of appeal); United States v. Leong, 536 F.2d 993, 997 (2d Cir. 1976) (finding no error in district court's reservation of decision on pre-trial double jeopardy motion where trial demonstrated that conspiracies were distinct). Where a defendant has already taken a pre-trial

2

interlocutory appeal on a double jeopardy challenge, a court's reservation of judgment until after trial is entirely appropriate. This is particularly true with certain conspiracy prosecutions because they require the resolution of no fewer than eight factual issues: (1) whether the criminal offenses were charged in successive indictments; (2) the overlap of participants; (3) the overlap of time; (4) similarity of operation; (5) the existence of common overt acts; (6) the geographic scope of the alleged conspiracies or location where overt acts occurred; (7) common objectives; and (8) the degree of interdependence between alleged distinct conspiracies. United States v. Estrada, 320 F.3d 173, 180 (2d Cir. 2003). By reserving decision, this Court is affording the Government the opportunity to make the showing of "separate and distinct" conspiracies.

Moreover, under Fed. R. Crim. P. 12(d), a district court may reserve decision on a pre-trial motion when "it finds good cause to defer a ruling." "'Good cause' to postpone ruling on a pretrial motion exists when a defendant's claims 'are substantially founded upon and intertwined with the evidence to be presented at trial.'" United States v. Bodmer, 342 F. Supp. 2d 176, 180 (S.D.N.Y. 2004) (quoting United States v. Williams, 644 F.2d 950, 953 (2d Cir. 1981)). Gunn's double jeopardy motion is inextricably intertwined with the evidence to be presented at trial. The reservation of decision is an appropriate exercise of this Court's discretion and a matter of plain common sense.

The Court of Appeals rejected Gunn's pre-trial double jeopardy motion, explicitly recognizing that certain facts presented at trial could alter this result. The record currently before the Court is not materially different from the record considered by the Court of Appeals. It is abundantly clear that the Court of Appeals did not intend that Gunn be permitted innumerable interlocutory appeals, or an appeal each time a new piece of evidence is offered by the Government.

3

Accordingly, this Court reserves decision on Gunn's motion to dismiss Counts One and Eight on double jeopardy grounds until the relevant evidence has been adduced at trial.

Counsel are directed to appear at 9:30 a.m. on April 19, 2010 for jury selection and trial.

Dated: New York, New York
April 16, 2010

SO ORDERED:

WILLIAM H. PAULEY III,
U.S.D.J.

*Counsel of Record:*

John O'Donnell, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Richard Palma, Esq.
Richard Palma Attorney at Law
381 Park Avenue South, Suite 701
New York, NY 10016

Mitchell Dinnerstein, Esq.
350 Broadway
Suite 700
New York, NY 10013
*Counsel for Defendant Roderick Gunn*

Allan Paul Haber, Esq.
Law Office of Allan P. Haber
111 Broadway, Suite 701
New York, NY 10006

Stephanie M. Carvlin, Esq.
Law Office of Stephanie Carvlin
111 Broadway, Suite 701
New York, NY 10006
*Counsel for Defendant Alton Davis*