```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                :

        -against-                                         :         S1 06 Cr. 911 (WHP)

ALTON DAVIS, et al.,                                 :         MEMORANDUM & ORDER

                       Defendants.      :
------------------------------------------------------------X

WILLIAM H. PAULEY III, United States District Judge:

        On April 30, 2010, Defendants Alton Davis ("Davis") and Roderick Gunn ("Gunn") were convicted by a jury of: (1) conspiracy to commit Hobbs Act robberies, including a robbery of a residence located at 194 Locustwood Boulevard, Elmont, New York ("Elmont Robbery") and a robbery of another residence located at 4385 Wickham Avenue, Bronx, New York ("Wickham Robbery") (Count One); (2) a substantive count of attempted Hobbs Act robbery for the Wickham Robbery (Count Three); (3) using, carrying, and discharging a firearm during the Wickham Robbery (Count Six); (4) the murder of Gary Grey ("Grey") during the Wickham Robbery (Count Seven); and (5) conspiracy to distribute, or possess with intent to distribute, marijuana (Count Eight). Davis was also convicted of: (1) a substantive count of attempted Hobbs Act robbery for the Elmont Robbery (Count Two)[1]; (2) using, carrying, and discharging a firearm during the Elmont Robbery (Count Four); and (3) the murder of Stephanie Laing ("Laing") during the Elmont Robbery (Count Five). Both Gunn and Davis move for judgment of acquittal and a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. For the following reasons, Defendants' motions are denied.

---

[1] Gunn was acquitted on Count Two of the Superseding Indictment (the "Indictment").

1

## BACKGROUND

Gunn and Davis move for judgments of acquittal under Rule 29 on the following grounds: (1) venue in the Southern District of New York ("Southern District") was improper for Counts Two, Four, and Five; (2) the Hobbs Act robbery conspiracy and attempted Hobbs Act robberies did not have an effect on interstate commerce; and (3) there was insufficient evidence that Defendants conspired to distribute, or possess with intent to distribute, marijuana.

In addition, Gunn submitted a pro se motion[2] for a judgment of acquittal under Rule 29 asserting the following arguments: (1) there was insufficient evidence that the Hobbs Act conspiracy and the substantive Hobbs Act robbery charged in Counts One and Three affected interstate commerce; (2) there was insufficient evidence that Gunn caused the death of Grey as charged in Count Seven; and (3) there was insufficient evidence that Gunn conspired to distribute, or possess with the intent to distribute, marijuana.[3]

Gunn also argues for a new trial under Rule 33 because: (1) the Court gave erroneous or confusing jury instructions; (2) events that occurred in the courtroom during trial prejudiced Gunn; and (3) the Government engaged in prosecutorial misconduct.

---

[2] On July 22, 2010, Gunn moved to proceed pro se at sentencing. This Court conducted a thorough inquiry and found that Gunn knowingly, intelligently, and voluntarily waived his right to counsel. Gunn was granted leave to supplement his attorney's Rule 29 and Rule 33 motions. This Court appointed Richard Palma, Esq., one of Gunn's trial attorneys, as standby counsel to assist Gunn at sentencing. This Court considers Gunn's counsel's and Gunn's pro se submissions as if they were submitted together.

[3] Gunn also moves for a judgment of acquittal on Count One on Double Jeopardy grounds. This Court previously rejected that precise argument and Gunn offers no valid reason to revisit the issue.

2

DISCUSSION

I. Rule 29 Motions

Rule 29 permits a court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant challenging a conviction based on insufficient evidence bears a heavy burden." United States v. Aina-Marshall, 336 F.3d 167, 171 (2d Cir. 2003); United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In considering a Rule 29 motion, the Court does not assess witness credibility, resolve inconsistent testimony against the verdict, or otherwise weigh the significance of the evidence. See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000).

    A. Improper Venue

Defendants argue that Counts Two, Four, and Five should be dismissed for improper venue because those crimes occurred in Elmont, New York, which is on Long Island in the Eastern District of New York. Additionally, Defendants argue that venue in the Southern District did not comport with constitutional standards. Defendants' arguments are unavailing.

The Government must "establish only that the crime, or some part of it, occurred in the Southern District in order to have venue there." United States v. Chalarca, 95 F.3d 239, 245 (2d Cir. 1996). Further, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." United States v. Potamitis, 739 F.2d 784, 791 (2d Cir. 1984). "Venue under the Hobbs Act is proper in any

district where interstate commerce is affected or where the alleged acts took place." United States v. Stephenson, 895 F.2d 867, 875 (2d Cir. 1990).

As to the Elmont Robbery charged in Count Two, the Government adduced evidence that acts in furtherance of the attempted robbery took place in the Southern District of New York. Derrilyn Needham ("Needham") testified that she took down Robert Deleon's ("Deleon") license plate number in the Bronx, the key act enabling the robbery crew to locate Deleon's house. Further, Needham testified that on the day of the robbery, she called "Tammy" from the Bronx to be a look-out for the robbery, allowing the crime to go forward. This suffices to establish venue. As to Counts Four and Five, where venue is appropriate for the underlying crime of violence, it is also appropriate for an offense under 18 U.S.C. § 924. United States v. Rodriguez-Moreno, 526 U.S. 275, 282 (1999).

Finally, venue in the Southern District met constitutional standards. "The Constitution requires only that the venue chosen be determined from the nature of the crime charged as well as from the location of the act or acts constituting it, and that it not be contrary to an explicit policy underlying venue law." United States v. Reed, 773 F.2d 477, 480 (2d Cir. 1985). Moreover, Davis and Gunn fail to identify any hardship or unfairness resulting from the trial of this case in the Southern District of New York. Accordingly, venue in the Southern District on Counts Two, Four, and Five was proper.

B. Interstate Commerce Provision

Defendants contend that Counts One, Two, and Three—which charge the robbery conspiracy and attempted robberies in Elmont and the Bronx—must be dismissed because there was insufficient evidence of an effect on interstate commerce. This argument also fails.

"The jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect on commerce will suffice." United States v. Farrish, 122 F.3d 146, 148 (2d Cir. 1997). The Court of Appeals has characterized the "required showing of an effect on interstate commerce" as "de minimis." United States v. Parkes, 497 F.3d 220, 230 (2d Cir. 2007). Where, as here, the crime at issue is Hobbs Act conspiracy or attempted robbery, "all that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect." United States v. Needham, 604 F.3d 673, 680 (2d Cir. 2010); Parkes, 497 F.3d at 231. Moreover, "Congress has made specific findings that local narcotics activity has a substantial effect on interstate commerce." United States v. Genao, 79 F.3d 1333, 1336 (2d Cir. 1996). However, "unlike cocaine or heroin—but like many legal products—marijuana may be grown, processed, and sold entirely within New York." Needham, 604 F.3d at 681. Nonetheless, the hurdle to establish an effect on interstate commerce for a Hobbs Act robbery involving marijuana "is not a high [one], and one that the government likely [will] have met [if] it introduced evidence regarding the interstate nature of the targeted drug dealers' businesses." Needham, 604 F.3d at 682.

First, a conspiracy or attempted robbery that targets drugs that "travel[ed] in interstate commerce" meets the jurisdictional requirement. Needham, 604 F.3d at 680, 682. The Elmont Robbery, committed as part of the conspiracy, targeted Deleon, whom Needham testified was a large-scale drug dealer. Deleon testified that he received shipments of 500 to 800 pounds of marijuana from California three times each month. This evidence satisfies the jurisdictional requirement for Counts One and Two. With respect to the Wickham Robbery, Needham testified that Gunn and Davis knew Grey was a drug dealer. Knibbs testified that during the robbery Grey told Davis the money he sought had already gone to buy marijuana. In addition, the Court heard

5

from expert witness Special Agent Eric Baldus ("Baldus"), a Drug Enforcement Administration agent. Baldus testified that marijuana sold in New York comes from out of state, usually from Mexico, California, or Arizona. The trial record makes clear that the jury could find an effect on interstate commerce for Count Three. See Parkes, 497 F.3d at 231; cf. Needham, 604 F.3d at 681 (insufficient evidence where government "did not provide testimony of any kind about marijuana production and trafficking in New York" but rather relied solely on the amount of money stolen).

### C. Insufficient Evidence of Narcotics Conspiracy

Defendants argue that the Government failed to adduce sufficient evidence to find that Defendants conspired to distribute marijuana, or to possess marijuana with intent to distribute. Given the deference this Court must accord a jury's verdict on a Rule 29 motion, this argument fails. See United States v. Gagliardi, 506 F.3d 140, 149 (2d Cir. 2007).

On a Rule 29 motion, a court must evaluate all of the evidence in the light most favorable to the government, Jackson, 443 U.S. at 319, and apply this test "to the totality of the government's case and not to each element, as each fact may gain color from others." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999). Here, testimony revealed that the Hobbs Act robbery conspiracy targeted drug dealers, including Deleon and Grey, because they were likely to possess valuable narcotics or proceeds from the sale of narcotics. Additionally, Needham testified that drug dealers were ideal robbery targets because they were unlikely to report a robbery to the authorities. Deleon testified that he was a drug dealer at the time of the Elmont Robbery, and Needham confirmed that Gunn knew Deleon was a drug dealer. Ronald Knibbs ("Knibbs"), a co-conspirator and participant in the Wickham Robbery, testified that he understood Grey was a drug dealer prior to the robbery. Knibbs also testified that when Grey

6

informed the robbery crew that the money they were after "went to market," it was understood he meant "to buy marijuana." Needham testified about other robberies which demonstrated the existence of the robbery conspiracy. This testimony, in turn, established the existence of the marijuana conspiracy because the intended targets of the robberies were large-scale marijuana dealers. It is well established that co-conspirator testimony does not require corroboration "if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006). Accordingly, a jury could find that the goal of the robberies was to steal marijuana and distribute it. This suffices to support Defendants' conviction on Count Eight.

D. Insufficient Evidence of Gunn's Aiding and Abetting Conviction

Gunn argues pro se that there was insufficient evidence for the jury to find that he aided and abetted Davis' murder of Grey through the use of a firearm as charged in Count Seven. A defendant's guilt as an aider and abettor must be established separately with respect to the § 924 offense and not merely with respect to the underlying robbery. United States v. Wilkerson, 361 F.3d 717, 724 (2d Cir. 2004). The Court of Appeals has upheld convictions on an aiding-and-abetting theory where the defendant was "present" at the scene and played "a critical supporting role" in the crime. United States v. Gomez, 580 F.3d 94, 103 (2d Cir. 2009).

That standard was satisfied by the evidence adduced at trial. Needham testified that she and Gunn planned to commit the Wickham Robbery with Davis and that Gunn was informed of and agreed to Davis' plan to kill Grey. Moreover, Needham and Knibbs testified that Gunn entered Grey's residence armed with a handgun. Knibbs testified that Gunn searched Grey, found a chrome revolver, and gave it to Davis. Gunn later told Knibbs that Davis used

Grey's own gun to kill him. Taken together, this evidence was sufficient for the jury to find Gunn guilty of aiding and abetting Grey's murder under Count Seven.

II. Rule 33 Motions

Defendants also move for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Rule 33 authorizes a district court, upon the defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33." United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009). "By its terms, Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. The trial court must be satisfied that 'competent, satisfactory and sufficient evidence' in the record supports the jury verdict." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting Sanchez, 969 F.2d at 1414). In deciding this question, "the judge must examine the totality of the case. All the facts and circumstances must be taken into account." Sanchez, 969 F.2d at 1414. Nonetheless, "an objective evaluation is required"—"[t]here must be a real concern that an innocent person may have been convicted." Sanchez, 969 F.2d at 1414.

A. Jury Instructions

Gunn submits that many of the Court's instructions to the jury were confusing and erroneous. To preserve the right to bring a subsequent challenge to a court's jury instructions, a defendant "must inform the court of the specific objection before the jury retires to deliberate." Fed. R. Crim. P. 30. Moreover, where a court declines to give defendant's requested

instruction, the defendant "bears the burden of showing that the requested instruction accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced." United States v. Abelis, 146 F.3d 73, 82 (2d Cir.1998).

### 1. Other Crimes Evidence Instructions

Gunn claims that this Court's jury instructions concerning the other crimes evidence adduced by the Government was "confusing and misleading." Prior to receiving the jury's verdict and at the request of Defendants' counsel, the Court advised the jury that they could consider Needham's direct testimony concerning the Defendants' participation in other crimes only on the issue of the existence of the charged conspiracies. Further, the Court instructed the jury to consider Needham's testimony on cross examination and Knibbs' testimony on direct and cross examination about other crimes only on the question of their credibility. Gunn waived his right to challenge these clarifying instructions because his attorneys asked for them and he failed to object. Additionally, Gunn has not demonstrated that he was prejudiced by the Court's clarifying instructions.

### 2. Instructions Concerning the Hobbs Act Interstate Commerce Element

Gunn submits that this Court's jury instruction concerning the Hobbs Act's interstate commerce element was improper. Again, Gunn failed to preserve this challenge because he did not object to the charge on this element. Further, any error in the interstate commerce instruction was harmless because the Government made the requisite "de minimis" "showing of an effect on interstate commerce" for the charged Hobbs Act robberies of marijuana dealers. Parkes, 497 F.3d at 230.

### 3. Aiding and Abetting Instructions

Gunn belatedly claims that the verdict sheet and this Court's jury instruction regarding aiding and abetting failed to inform the jury that they had to find all the elements of aiding and abetting beyond a reasonable doubt. Here again, Gunn failed to object in a timely manner and has waived that challenge. Moreover, when read "as a whole to see if the entire charge delivered a correct interpretation of the law," United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993), this Court's instruction adequately informed the jury that the elements of aiding and abetting liability must be found beyond a reasonable doubt.

### 4. Jury Unanimity Instructions

Gunn contends that this Court failed to instruct the jurors that they must unanimously find him guilty beyond a reasonable doubt as a principle, or as an aider and abettor. This is another objection that was not raised at trial and was therefore waived. Further, the Court of Appeals has "time and again, held that a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict." United States v. Trupin, 117 F.3d 678, 687 (2d Cir. 1997). Here, both the charge and the verdict sheet sufficiently instructed the jury that their verdict should be unanimous.

Gunn also contends that the Court should have instructed the jury that it had to agree unanimously on at least one predicate crime underlying his conviction for carrying a firearm during a crime of violence (Count Six). Putting aside that Gunn did not request such an instruction, where "the jury validly reached a unanimous guilty verdict on every predicate crime alleged, the erroneous jury instruction was necessarily harmless." United States v. Gomez, 580 F.3d 94, 104 (2d Cir. 2009). Count Six identified two predicate offenses: the Hobbs Act robbery conspiracy charged in Count One, and the Wickham Robbery charged in Count Three. Here, as

in Gomez, the jury unanimously convicted Gunn of both of these predicate crimes. Accordingly, any error in the jury charge regarding a charge-specific unanimity instruction "was necessarily harmless." Gomez, 580 F.3d at 103.

B. Spillover Trial Prejudice

Gunn moves for a new trial based on several events that occurred during the trial which he argues prejudiced him and denied him a fair trial. Gunn lists the following incidents: (1) Needham responded during cross-examination that Davis and Gunn murdered Grey; (2) a woman in the courtroom fainted during trial;[4] (3) the same woman who fainted made an "applause-like gesture" during Needham's testimony; and (4) the same woman wore a shirt with a photograph of Laing on one day of the trial.

A district court has wide discretion in overseeing the conduct of a trial. See United States v. Carson, 52 F.3d 1173, 1188 (2d Cir. 1995). All of the issues Gunn raises were dealt with on the record during trial, and curative instructions were given to the jury regarding any incidents arising in the public gallery during the trial. In this Court's view, these issues were handled properly, did not warrant a mistrial at the time, and do not require a new trial now.

C. Prosecutorial Misconduct

Finally, Gunn alleges instances of prosecutorial misconduct, which he contends warrant a new trial. First, Gunn submits that the Government knowingly offered false testimony when Needham testified that Gunn was involved in the Elmont Robbery. As a threshold matter, "[a] witness commits perjury if [s]he gives false testimony concerning a material matter with the willful intent to provide false testimony." United States v. Monteleone, 257 F.3d 210, 219 (2d Cir. 2001). Although Gunn was acquitted of the Elmont Robbery, the Court does not find

---

[4] This woman was a relative of Laing, but her identity was unknown to the jury.

Needham's testimony was wholly incredible or intentionally false. As such, the prosecutorial misconduct analysis concerning Needham's testimony ends there.

Gunn also contends that the Government committed misconduct by: (1) eliciting testimony about blood on duct tape recovered from Gunn at his arrest; (2) failing to produce 3500 material for Knibbs concerning a robbery Knibbs disclosed to the Government shortly before trial; and (3) failing to provide documentation showing the Bureau of Alcohol, Tobacco, Firearms and Explosives reviewed its agent's personnel file for impeachment material. The record before this Court does not support any of these allegations.

Ultimately, this Court has no "real concern" that either Davis or Gunn is innocent. Therefore, no "manifest injustice" would result from allowing the jury's verdict to stand. Ferguson, 246 F.3d at 134; Sanchez, 969 F.2d at 1414. As discussed, the jury's verdict on all counts was supported by ample evidence. Moreover, there are no "exceptional circumstances" in this case to warrant interference with the jury verdict. Sanchez, 969 F.2d at 1414. Accordingly, Defendants' Rule 33 motions for a new trial are denied.

## CONCLUSION

For the foregoing reasons, Defendants Alton Davis and Roderick Gunn's motions for judgments of acquittal pursuant to Rule 29 or, in the alternative, for a new trial pursuant to Rule 33 are denied.

Dated: New York, New York
August 20, 2010

SO ORDERED:

_____
WILLIAM H. PAULEY III,
U.S.D.J.

*Copies Mailed To:*

John O'Donnell, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Roderick Gunn (USM No. 55254-054)
Metropolitan Detention Center
P.O. Box 3290002
Brooklyn, NY 11232
*Defendant Pro Se*

Richard Palma, Esq.
381 Park Avenue South, Suite 701
New York, NY 10016
*Standby Counsel for Defendant Roderick Gunn*

Allan Paul Haber, Esq.
Stephanie M. Carvlin, Esq.
111 Broadway, Suite 701
New York, NY 10006
*Counsel for Defendant Alton Davis*