

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 23, 2023

**BY ECF and Email**
The Hon. Alvin Hellerstein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

The sentencings of Alton Davis and Roderick Gunn shall both take place on June 7, 2023:
The sentencing of Alton Davis shall take place at 2:30 p.m..
The sentencing of Roderick Gunn shall take place at 3:30 p.m.

SO ORDERED

/s/ Alvin K. Hellerstein
February 23, 2023

Re:   *United States v. Alton Davis and Roderick Gunn,* 06 Cr. 911 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter in connection with the resentencings of defendants Alton Davis and Roderick Gunn, which are scheduled to take place before Your Honor on March 29, 2023, and March 23, 2023, respectively, to request that the Court hold both resentencings together on March 29, 2023, or a date thereafter that is convenient for the Court. Resentencing Mr. Davis and Mr. Gunn in the same proceeding would make it easier for the victims' family members to participate in the resentencings and would be more efficient for the Court.

**I.     Background**

On May 3, 2010, a jury convicted Mr. Davis and Mr. Gunn on several overlapping counts for their participation in a conspiracy to commit armed robberies of marijuana dealers and for committing murder during those robberies. Specifically, Mr. Gunn was convicted of (i) one count of conspiracy to commit Hobbs Act robbery, in violation of 21 U.S.C. § 1951 (Count One); (ii) one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2 (Count Three); (iii) one count of using, carrying, and discharging, and aiding and abetting the use, carrying and discharging, of a firearm, during and in relation to the robbery conspiracy and attempted robbery charged in Counts One and Three, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count Six); (iv) one count of aiding and abetting the use and carrying of a firearm during and in relation to the robbery conspiracy and attempted robbery charged in Counts One and Three, which resulted in the murder of an individual, in violation of 18 U.S.C. § 924(j)(1) and 2 (Count Seven); (v) and one count conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count Eight).

A jury also convicted Mr. Davis on all the above counts as well as several additional counts, including: (i) a second count of attempted Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two); (ii) one count of using, carrying, and discharging

a firearm during the robbery conspiracy charged in Count One and the attempted robbery charged in Count Two, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2 (Count Four); and (iii) one count of using and carrying a firearm during the robbery conspiracy charged in Count One and the attempted robbery charged in Count Two, which resulted in the murder of an individual, in violation of Title 18, United States Code, Sections 924(j) and 2 (Count Five).

On August 23, 2010, Mr. Davis and Mr. Gunn were sentenced together by the Honorable William H. Pauley. Judge Pauley sentenced Mr. Gunn to: (i) 20 years' imprisonment on Counts One, Three and Six, (ii) life imprisonment on Count Seven, and (iii) 40 years' imprisonment on Count Eight. He also sentenced Mr. Davis to (i) 20 years' imprisonment on Counts One, Two and Three; (ii) life imprisonment on each of Counts Five and Seven; and (iii) 40 years' imprisonment on Count Eight.

At the sentencing, eleven individuals spoke in open court about the effect the defendants' crimes had on them and their families. Specifically, with respect to the attempted Hobbs Act robbery of which both Mr. Davis and Mr. Gunn were convicted—which resulted in the death of a man named Gary Grey—four members of Mr. Grey's family spoke at the original sentencing. With respect to the second attempted Hobbs Act robbery of which Mr. Davis was convicted—which resulted in the death of a woman named Stephanie Laing—six family members of Ms. Laing spoke at the original sentencing. Another victim whom Mr. Davis tried to kill during the attempted Hobbs Act robbery in which Ms. Laing was murdered—Eneta Brown—also spoke at the sentencing.

Following their convictions, Mr. Davis and Mr. Gunn both filed motions under 28 U.S.C. § 2255 (the "Section 2255 Motions") seeking to collaterally attack their convictions. The resolution of both Section 2255 Motions was stayed pending the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). That decision was rendered, and, in connection with both Section 2255 Motions, the Government submitted a letter to the Court requesting that the Court set a date for an appearance at which (1) the Government would consent to vacatur of the Section 924(c) and 924(j) counts of conviction and (2) Mr. Davis and Mr. Gunn would be resentenced on the remaining counts of conviction. The Court scheduled the resentencings of Mr. Davis and Mr. Gunn to take place on March 29, 2023, and March 23, 2023, respectively.

**II.    Discussion**

It is well-established that "[a] sentencing court has broad discretion respecting the scheduling of sentencing proceedings." *United States v. Prescott*, 920 F.2d 139, 146 (2d Cir. 1990). For the following reasons, the Government now respectfully requests that the Court exercise its discretion to resentence Mr. Davis and Mr. Gunn in the same proceeding.

*First*, resentencing Mr. Davis and Mr. Gunn together would make it easier for the victims' family members to participate in the resentencings and vindicate their right to be reasonably heard under the Crime Victims' Rights Act, 18 U.S.C. § 3771. The Government understands that all eleven of the individuals who spoke at the August 23, 2010, sentencing of Mr. Davis and Mr. Gunn wish to speak again at any resentencing. The Government also has reason to believe that additional family members wish to participate in the resentencings. Because at least four of those family members were affected by the criminal conduct of both Mr. Davis and Mr. Gunn, separate

resentencings would substantially burden those family members. It would force at least those four individuals—all of whom reside outside of New York, including three who live in Florida—to travel to court on two separate occasions during the same month. It also would force at least those four individuals to relive the trauma associated with the murder of their family member another two times. Holding the resentencings together, on the other hand, would ease the burden on the victims' family members and ensure that they can speak to the Court about the effect the defendants' crimes had on them and their families.

*Second*, resentencing Mr. Davis and Mr. Gunn together would be more efficient for the Court. Mr. Davis and Mr. Gunn are co-conspirators who were tried together and originally sentenced at the same proceeding. They are now both being resentenced in connection with the vacatur of their Section 924(c) and 924(j) counts of conviction following the Supreme Court's decision in *Taylor*. Their resentencings thus involve substantially overlapping facts—that is, the same robbery conspiracy and attempted robbery that led to the death of Gary Grey, as well as the same narcotics conspiracy. Accordingly, at both resentencings, the Government intends to offer a detailed recitation of the evidence presented at the trial that took place before Judge Pauley, which establishes the brutality and cruelty of Mr. Davis's and Mr. Gunn's deadly conduct. Holding the resentencings together would also allow the Court to resolve any issues arising out of the vacatur of the Section 924(c) and 924(j) counts simultaneously, in addition to allowing the Government to streamline its presentation at sentencing.

Before submitting this letter, the Government asked for the defendants' position on its request to consolidate the defendants' resentencings. Counsel for Mr. Davis took no position on the Government's request, while counsel for Mr. Gunn objected to the request on the grounds that it would prejudice Mr. Gunn. Contrary to counsel's objection, a consolidated resentencing does not prejudice Mr. Gunn. Mr. Gunn has already been tried and sentenced together with Mr. Davis with no resulting prejudice. Moreover, the resentencing would take place before the Court, not before a jury, and, as a result, no genuine threat of prejudice exists. *See United States v. Zuber*, 118 F.3d 101, 104 (2d Cir. 1997) ("We traditionally assume that judges, unlike juries, are not prejudiced by impermissible factors.").

For the foregoing reasons, the Government respectfully requests that the Court resentence Mr. Davis and Mr. Gunn together on March 29, 2023, or a date thereafter that is convenient for the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Matthew J. King/Jane Chong
Assistant United States Attorneys
(212) 637-2384 / 2263

cc:   All Counsel of Record