**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

March 27, 2024

> Defendants' motion to adjourn the sentencings scheduled for Tuesday, April 2, 2024, is denied. The sentencings have been adjourned too many times, and no sufficient reason has been given, as the government points out, for another adjournment. If it appears at sentencing that information relevant to the sentencings was not available to defendants and now is available, a motion can be made at the sentencing hearings for a recess to obtain such information.
>
> SO ORDERED
>
> /s/ Alvin K. Hellerstein U.S.D.J.
> March 29, 2024

<u>Via ECF and Email</u>
The Honorable Alvin Hellerstein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Roderick Gunn</u>, 06 Cr. 911 (AKH)

Dear Judge Hellerstein:

 I write on behalf of Roderick Gunn to request an approximately three to four week adjournment of his resentencing, currently scheduled for April 2, 2024. The resentencing is in connection with the vacatur of his section 924(c) and 924(j) counts of conviction. His co-defendant Alton Davis is currently set to be resentenced on April 2 as well. I make this adjournment request for several reasons.

 First, Your Honor recently appointed me as counsel with respect to Mr. Gunn's pending habeas litigation on a second related docket. *See United States v. Gunn*, 03-cr-1277, Dkt. No. 106 (Feb. 14, 2024). Mr. Gunn had entered into a cooperation agreement with the government in the 03-cr-1277 case, and after the government deemed the agreement to have been breached, Mr. Gunn was indicted in the instant case, 06-cr-911. I need a few more weeks to get up to speed on the issues presented in the 03-cr-1277 litigation, and to discuss with Mr. Gunn what implications if any it has on his resentencing in this case.

 Second, I have been assisting Mr. Gunn with his pro se litigation in another case, in New York Supreme Court, and was able to get counsel appointed in that matter last week. As with the pending 03-cr-1277 motions, I need to discuss with his new state court counsel the implications of the state court litigation on his resentencing in this case. Because the three cases are all closely related, and the 03-cr-1277 case and the New York Supreme Court case yielded a total of 6 criminal history points in Mr. Gunn's PSR in this case, I need the time incorporate any additional objections or argument in Mr. Gunn's resentencing submission.

 Third, in preparing Mr. Gunn's resentencing submission, I recently reviewed certain documents and transcripts that corroborate some of the factual arguments I wish to make on Mr. Gunn's behalf at sentencing, but this has necessitated a review of the 3500 material that was

previously made available to Mr. Gunn and his trial counsel. Because I was not trial counsel in this matter, I do not have access to the materials, which were under a protective order. I have discussed the issue with government counsel, who advise that they object to disclosure of the materials, but note that they will be available at the U.S. Attorney's Office within the next few days should the Court order disclosure. I intend to make such an application to the Court for these materials in the next 48 hours.

   Finally, I need the requested time to meet with Mr. Gunn and finalize his submission. Legal visitation at MDC Brooklyn has been significantly curtailed over the past two months due to frequent lockdowns and a purported new policy limiting the number of legal visitors allowed inside at one time. Over the past six weeks, I was denied visitation on more than half of my trips to the jail. Just yesterday, I attempted to see Mr. Gunn but MDC was on emergency lockdown. MDC was on emergency lockdown again this morning.

   I have conferred with counsel for co-defendant Alton Davis and counsel for the government prior to filing this letter. Mr. Davis's counsel joins in the adjournment request. She needs additional time to prepare for sentencing with Mr. Davis, and to review with Mr. Davis the government's sentencing submission filed earlier this evening, and to potentially respond. Counsel for the government objects, and asks for 24 hours to respond in writing.

   The government previously requested three adjournments and Mr. Davis requested two. All continuance requests were on consent. This is Mr. Gunn's second and final request for an adjournment. I am sensitive to the fact that there are victims in this case with an interest in a speedy resolution, but I would not request the adjournment if it wasn't necessary in order to effectively advocate on Mr. Gunn's behalf. I do not anticipate the need for any further adjournments.

   Thank you for your consideration of this request.

                      Respectfully submitted,

                         /s/
                      Samuel Jacobson
                      Assistant Federal Defender
                      (917) 612-7269

cc: all counsel of record (by ECF)